```
 1  BARRY A. SMITH (SBN: 48697)
       bsmith@buchalter.com
 2  ANTHONY J. NAPOLITANO (SBN: 227691)
       anapolitano@buchalter.com
 3  BUCHALTER, A Professional Corporation
    1000 Wilshire Boulevard, Suite 1500
 4  Los Angeles, CA 90017-1730
    Telephone: 213.891.0700
 5  Fax: 213.896.0400

 6  Attorneys for Creditor
    ROBERT S. COOPER
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)

| | |
|---|---|
| In re<br><br>MARIA ELIZABETH MONTERO,<br><br>                Debtor. | Case No. 2:09-bk-37943-WB<br><br>Chapter 11<br><br>**OBJECTION OF ROBERT S. COOPER TO DEBTOR'S MOTION FOR ENTRY OF DISCHARGE AND FOR A DETERMINATION THAT CREDITORS CANNOT ENFORCE THEIR JUDGMENTS AGAINST DEBTOR'S OR HER HUSBAND'S COMMUNITY PROPERTY**<br><br>[Request for Judicial Notice and Declarations of Robert S. Cooper, Anthony J. Napolitano, Mark A. Feldman, and Kevin S. Dicker concurrently filed]<br><br>**Preliminary Hearing:**<br>Date:     June 10, 2021<br>Time:    10:00 a.m.<br>Place:    United States Bankruptcy Court<br>            Courtroom 1375<br>            255 East Temple Street<br>            Los Angeles, California 90012 |

# TABLE OF CONTENTS

**Pages**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACT ............................................................................................... 3

    A. Mr. Cooper was not scheduled as a creditor in Maria Montero's bankruptcy case until after he obtained a judgment against the Debtor. ................. 3

    B. The Debtor finally schedules Mr. Cooper as a creditor in her bankruptcy case. .... 5

    C. The Bankruptcy Court denies the Debtor's initial request for entry of a discharge. ........................................................................................................ 6

    D. The Debtor tries to obtain the benefits of the automatic stay for her husband post-confirmation. ............................................................................... 7

    E. Mr. Montero misrepresents the status of his wife's bankruptcy case and discharge to the Superior Court in order to escape further liability. ................... 8

    F. Mr. Cooper seeks discovery of the Debtor and Mr. Montero following the filing of the Debtor's Discharge Motion. ........................................................ 9

III. ARGUMENT ................................................................................................................ 9

    A. The Debtor did not comply with her obligations under the Fifth Amended Plan and cannot receive a discharge. ................................................................ 9

    B. Even if the Court enters the Debtor's discharge, Mr. Cooper's claims might not be discharged under Section 523(a)(3) or Section 1141. .............................. 11

IV. CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cooper v. Montero*,
   Case No. SC103752 (L.A. Sup. Ct. 2009) .................................................................. 3

*Dalton Devel. Project # 1 v. Unsecured Creds. Comm. (In re Unioil, Inc.)*,
   948 F.2d 678 (10th Cir. 1991) ................................................................................... 13

*Grogan v. Garner*,
   498 U. S. 279 (1991) ................................................................................................... 1

*Levin v. Maya Constr. Co. (In re Maya Constr. Co.)*,
   78 F.3d 1395 (9th Cir. 1996) ................................................................................. 3, 12

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ................................................... 12

*Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*,
   863 F.2d 832 (11th Cir. 1989) ................................................................................... 13

**Statutes**

Bankruptcy Code
   § 521(a)(1) ................................................................................................................ 11
   § 523(a)(2) ............................................................................................................ 2, 12
   § 523(a)(3) ...................................................................................................... 2, 11, 12
   § 523(a)(3)(B) ............................................................................................................ 2
   § 523(a)(4) ............................................................................................................ 2, 12
   § 523(a)(6) ............................................................................................................ 2, 12
   § 524(b)(2) ............................................................................................................... 12
   § 1141(d)(2) ................................................................................................ 2, 11, 12, 13
   § 1141(d)(5) ............................................................................................................... 9
   § 1141(d)(5)(A) .......................................................................................................... 9

**Rules and Regulations**

Fed. R. Bankr. P.
   Rule 9014 ................................................................................................................... 9

**TO THE HONORABLE JULIE W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER COUNSEL AND ALL PARTIES IN INTEREST:**

Creditor Robert S. Cooper respectfully submits this objection to the *Motion for Entry of Debtor's Discharge and for a Determination that Creditors Cannot Enforce Their Judgments Against Debtor's or Her Husband's Community Property* [Docket No. 285] (the "Discharge Motion") filed by Maria Elizabeth Montero, debtor in the above-captioned chapter 11 bankruptcy case (the "Debtor") as follows.

**I.     INTRODUCTION**

The Debtor cannot receive a discharge as she and her husband, Guillermo Montero, have failed to comply with the terms of her chapter 11 plan of reorganization. The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U. S. 279, 286-87 (1991). Neither the Debtor nor Mr. Montero have been honest with this Court or her creditors. In order to obtain her discharge, the chapter 11 plan required the Debtor to pay distributions to creditors in accordance with that plan. Her recent declaration in support of the Discharge Motion claims that she made all required payments due under the plan. This is a false statement. The concurrently filed declarations illustrate that several creditors have not been paid as promised.

Relatedly, the chapter 11 plan provided that Mr. Montero would dedicate fifty percent of his excess net income over the five-year plan period to the payment of unsecured creditors. Again, the Debtor and Mr. Montero falsely stated that Mr. Montero did not have any excess "net income." In 2015, the Debtor and Mr. Montero represented that Mr. Montero did not "possess any funds to put towards a settlement . . . because he pledged his disposable income to fund the confirmed Chapter 11 plan." Docket No. 267, p. 2. Then, Mr. Montero used his obligations under the chapter 11 plan to avoid a commitment to fund a settlement when it suited him. And now, the Monteros claim poverty in order to avoid making those same payments due under the plan. Somewhere between these two statements the truth lies.

The Debtor's creditors are entitled to verify the Debtor's and Mr. Montero's statements that all creditors have been paid in full and that Mr. Montero had no excess "net income." These

cursory, self-serving declarations do not constitute credible or competent evidence particularly when several creditors have filed declarations attesting to their non-payment. Further, discovery is warranted because the statements in the declarations are based on "taxable income" and not "net income" as defined under the plan.

To that end, Mr. Cooper has served discovery on the Debtor and Mr. Montero seeking documentary evidence establishing whether payments have been made and, more importantly, whether Mr. Montero truly had insufficient *net income* (not taxable income) over the chapter 11 plan period as they have alleged. Considering that the Debtor and Mr. Montero continue to live in their $7.8 million Beverly Hills home, creditors are left wondering whether a key component of the chapter 11 plan (*i.e.*, contribution of 50% of Mr. Montero's net income) was nothing more than an empty promise.

Additionally, Mr. Cooper's claims against the Debtor and Mr. Montero cannot be discharged in any event. Section 523(a)(3)(B) of the Bankruptcy Code excepts from discharge any debt that would be non-dischargeable under section 523(a)(2), (4) or (6) where the debtor failed to schedule the debt in order for the creditor to timely file a proof of claim and timely file a request for a determination of dischargeability. As of the October 13, 2009 petition date, the Debtor was aware of Mr. Cooper's claims as he had already commenced the State Court Action (as defined below) against the Debtor and Mr. Guillermo on June 26, 2009. Yet, the Debtor did not schedule Mr. Cooper's claim or provide notice of her bankruptcy until years later. The deadline for filing a complaint seeking a determination of dischargeability was January 25, 2010 long before Mr. Cooper became aware of the Debtor's case. Mr. Cooper sued the Debtor because of her husband's proclivities for hiding assets in her name to render himself judgment proof—claims within the purview of section 523(a)(2), (4) and (6). Thus, even if a discharge is entered, Mr. Cooper's claim would not be dismissed by virtue of section 523(a)(3) and 1141(d)(2).

Finally, Mr. Cooper's claims cannot be discharged since he never received any notices regarding the plan confirmation process. The first amended plan was the first chapter 11 plan that the Debtor included Mr. Cooper as a creditor and on the notice list. That first amended plan and related documents were filed in January 2012 and served at Mr. Cooper's prior address in Torrance,

California. Mr. Cooper had vacated that address in July/August 2011 and ceased receiving forwarded mail from that address several months later. All of the notices in the Debtor's bankruptcy case from the first amended plan through the confirmed, fifth amended plan were sent to a stale address. The failure to give a creditor formal notice of the deadline for filing claims and objections to confirmation and of the date of the confirmation hearing prevents the claims from being discharged by the confirmation of the chapter 11 plan. *See, e.g.*, *Levin v. Maya Constr. Co. (In re Maya Constr. Co.)*, 78 F.3d 1395, 1399 (9th Cir. 1996). Accordingly, Mr. Cooper's claim cannot dischargeable for this reason as well.

For these reasons, Mr. Cooper objects to entry of discharge and respectfully requests that the Court continue the hearing for a period of 60 to 90 days so that Mr. Cooper can conduct discovery of the Debtor and Mr. Montero to determine whether she is entitled to discharge. Mr. Cooper further reserves the right to seek declaratory relief regarding the status of the discharge of his claim.

**II.    STATEMENT OF FACT**

**A.    Mr. Cooper was not scheduled as a creditor in Maria Montero's bankruptcy case until after he obtained a judgment against the Debtor.**

On June 26, 2009, Mr. Cooper filed a complaint in the California Superior Court, County of Los Angeles, against the Debtor, Mr. Montero, and their corporation for breach of contract commencing *Cooper v. Montero*, Case No. SC103752 (L.A. Sup. Ct. 2009) (the "State Court Action"). *See* Declaration of Robert S. Cooper, ¶ 4. The claims asserted in the State Court Action arose from unpaid legal fees related to Mr. Cooper's successful representation of Mr. Montero's company in a litigation matter. *Id.* On October 13, 2009, the Debtor filed her chapter 11 petition without her supporting schedules or statement of financial affairs. *See* Request for Judicial Notice concurrently filed ("RJN"), Exh. 1. Mr. Cooper was not included in the creditor's mailing matrix. RJN, Exh. 1 at pp. 9-13 of 13. On October 23, 2009, the Debtor and Mr. Montero filed a Case Management Statement in the State Court Action neglecting to advise the Superior Court of the commencement of the Debtor's bankruptcy case. Cooper Decl., ¶ 5; RJN, Exh. 2 at p. 3.

On October 27, 2009, the Debtor eventually filed her schedules to her bankruptcy petition listing her assets and liabilities and her statement of financial affairs. RJN, Exh. 3. Mr. Cooper was not scheduled as a creditor either on Schedule D or Schedule F. *Id.* Mr. Cooper was not scheduled as a general unsecured creditor on Schedule F. *Id.* Mr. Cooper's state court action was not disclosed in the Debtor's Statement of Financial Affairs. *Id.* Mr. Cooper was informed by the Debtor's and Mr. Montero's former counsel, Edward Nassirzadeh that the bankruptcy filing was a fraud in order to prevent creditors from being able to collect against Mr. Montero. Cooper Decl., ¶ 6. Indeed, this allegation is consistent with the numerous transfers of their Beverly Hills home.[1] Ever since the Debtor commenced her bankruptcy case over 11 years ago, the Debtor and Mr. Montero have been able to live in their Beverly Hills home worth over $7.8 million undisturbed. Cooper Decl., ¶ 10, Exh. 4.

On December 9, 2009, the Debtor filed her amended schedules. Again, Mr. Cooper was not scheduled on amended Schedule D or amended Schedule F. RJN, Exhs. 4 and 5. On July 27, 2010, the Debtor belatedly filed in the State Court Action a *Notice of Bankruptcy Stay* and allegedly served that notice on Mr. Cooper. RJN, Exh. 6. However, Mr. Cooper has no record or recollection of having received the Notice of Bankruptcy Stay. Cooper Decl., ¶ 11. On March 1, 2011, the Debtor filed an amended Schedule D, which did not include Mr. Cooper. RJN, Exh. 7.

On April 13, 2011, after a trial in the State Court Action, the Superior Court entered judgment against the Debtor and Mr. Montero and their corporation (the "Judgment"). Cooper Decl., ¶ 12; RJN, Exh. 8. The Court found based on the trial testimony of Mr. Cooper that "defendants Guillermo Montero, Maria Montero and California Construction Loan Corporation and each of them, are jointly and severerly (sic.) indebted to Plaintiff in the amount set forth in the complaint of $174,076.37." RJN, Exh. 8. Put differently, Mr. Montero is independently liable to Mr. Cooper for the amount of the Judgment

---

[1] On March 24, 1998, the Debtor and Mr. Montero purchased their residence located at 631 Hillcrest Road, Beverly Hills, California 90210 and took title jointly as community property. Cooper Decl., ¶ 7, Exh. 1. On March 8, 2005, Mr. Montero transferred his interest in the property to the Debtor as her sole and separate property. Cooper Decl., ¶ 8, Exh. 1 at p. 8 and Exh. 2 at p.2. Following the recordation of a Notice of Sale on May 8, 2009, the Debtor transferred the property on May 27, 2009 to the Debtor and Home Renovators & Builders, one of Mr. Montero's corporations, as Tenants in Common. Cooper Decl., ¶ 9, Exh. 1 at pp.5-6 and Exh. 3 at p.2.

### B. The Debtor finally schedules Mr. Cooper as a creditor in her bankruptcy case.

On July 25, 2011 in connection with the filing of her initial chapter 11 plan, the Debtor filed amended schedules. RJN, Exh. 9. While Mr. Cooper was not included on *Amended Schedule D: Secured Creditors*, the "Law Offices of Robert S. Cooper" was list on *Amended Schedule F: General Unsecured Creditors* as an unliquidated and disputed claim in the amount of $232,043.00. *Id.* However, Mr. Cooper was not served with the initial chapter 11 plan. RJN, Exh. 10 at pp. 5-6. Mr. Cooper was first included on the service list for the Debtor's bankruptcy case with the filing of her first amended chapter 11 plan of reorganization filed on January 12, 2012, which was served on Mr. Cooper at 3655 Torrance Blvd., Suite 300, Torrance, CA 90503. RJN, Exh. 11 at p. 5. The problem is that Mr. Cooper moved out of this office in July/August 2011 and ceased receiving mail several months thereafter. Cooper Decl., ¶ 13.

On September 27, 2012, the Debtor filed her *Fifth Amended Individual Debtor's Plan of Reorganization Filed on September 27, 2012* (the "Fifth Amended Plan"). RJN, Exh. 12. The Fifth Amended Plan provided that claims within Class 6(b) for general unsecured creditors, which includes Mr. Cooper's Judgment, would be paid 3% of the claim amount over a five year period in quarterly installments without interest starting on the first day after the Effective Date. RJN, Exh. 12 at p. 6. The Fifth Amended Plan further provides for a "kicker" distribution to Class 6(b) claimants based on additional income of Mr. Montero. RJN, Exh. 12 at p. 6b. Specifically, the Fifth Amended Plan provided that:

> If additional Net Income is generated during the five years following the Effective Date by Debtor's husband, Guillermo Montero . . . 50% of such excess Net Income will be paid quarterly commencing the calendar year after such excess Net Income is realized for the remainder of the five years following the Effective Date.

RJN, Exh. 12 at p. 9 of 20. That addendum further provided that "The foregoing notwithstanding, each member of this class shall not receive dividends in excess of 100% of its claim." *Id.*

The Debtor's *Fourth Amended Individual Debtor's Disclosure Statement in Support of Plan of Reorganization* [Docket No. 191] (the "Fourth Disclosure Statement"), the disclosure statement that was approved by the Court sheds further light on the "Guillermo Contribution." RJN, Exh. 13. In Mr. Montero's Declaration in support of the Fourth Disclosure Statement, he describes in detail

the financial projections of his business over the five-year plan period, and states "should the income from our business endeavors exceed the projections, we commit to increase the dividends by up to fifty percent (50%) of such excess, which I am informed and believe may be readily verified by referring to the quarterly operating reports required to be filed post-confirmation." RJN, Exh. 13 at pp. 14-15 of 25.  Mr. Montero further stated in that declaration that "[a]s a last resort, should any of my projections fail to provide sufficient income to ensure funding of my wife's Chapter 11 plan, we can move out of our current principal residence and rent it for approximately $15,000 per month according to the price for rental houses in the area of Beverly Hills in which it is located." RJN, Exh. 13 at pp. 15 of 25.

On November 5, 2012, the Court confirmed the Fifth Amended Plan.  RJN, Exh. 14.  The Bankruptcy Court's order confirming the Fifth Amended Plan stated that "[t]he Debtor shall separately move the Court for entry of her discharge and . . . a final decree and order closing this case." RJN, Exh. 14 at p. 12.

    **C.**    **The Bankruptcy Court denies the Debtor's initial request for entry of a discharge.**

On June 3, 2014, the Debtor filed a *Post-Confirmation Status Report* [Docket No. 255] (the "Status Report") (her last prior to the closing of the case) indicating that she was current on all payments required under the plan. RJN, Exh. 15. Exhibit 1 to the Status Report shows Mr. Cooper holding a $232,043.00 claim entitled to $116.02 in monthly payments.  RJN, Exh. 15 at p. 7 of 9. Over the life of the plan, the Status Report indicates that Mr. Cooper would receive $6,961.29.  *Id.* That Status Report further indicated that Mr. Cooper had received "Total Payments" of $1,857.00 through March 31, 2014.  *Id.*  To the contrary, Mr. Cooper did not receive any payments under the Plan.  Cooper Decl., ¶ 14.

Similarly, other creditors did not receive the payments that they were entitled to under the Plan. The Status Report indicated that Feldman and Associates was to receive $4,586.75 over the Plan period and had received "Total Payments" of $1,223.13 through March 31, 2014.  RJN, Exh. 15 at p. 6 of 9; Declaration of Mark A. Feldman, ¶ 4.  Feldman and Associates actually received only $1,177.40 under the Plan.  Feldman Decl., ¶ 5.  The Status Report indicated that

Case 2:09-bk-37943-WB    Doc 291    Filed 05/27/21    Entered 05/27/21 17:38:17    Desc
Main Document    Page 10 of 19

Leonard, Dicker & Schreiber, LLP was to receive $10,373.62 over the Plan period and had received "Total Payments" of $4,486.00 through March 31, 2014. RJN, Exh. 15 at p. 7 of 9. Leonard Dicker actually only received $3,740.18 under the Plan. Declaration of Kevin S. Dicker, ¶ 5. Finally, the Status Report indicated that Todd Neilson was to receive $3,300 over the Plan period, and had received "Total Payments" of $880.00 through March 31, 2014. RJN, Exh. 15 at p. 7 of 9. However, Mr. Neilson did not receive any payments under the Plan. RJN, Exh. 16.

On November 7, 2014, the Bankruptcy Court entered its "Final Decree and Order Closing Chapter 11 Case." RJN, Exh. 17. The Bankruptcy Court granted the motion "to the extent that it seeks the entry of a final decree and an order closing the Debtor's Chapter 11 case." RJN, Exh. 17 at p. 2. The Bankruptcy Court denied the motion **"to the extent that it seeks the entry of the Debtor's DISCHARGE."** (bold emphasis added). *Id.* The Bankruptcy Court further stated that "The Court will not enter the Debtor's DISCHARGE until all plan payments have been made or cause is shown as found by the Court in a subsequent motion. *Id.*.

D.  **The Debtor tries to obtain the benefits of the automatic stay for her husband post-confirmation.**

On November 10, 2014, the Debtor filed a *Motion of the Reorganized Debtor for Section 105 Relief Extending Stay to Guillermo Montero Regarding Claim of Leonard, Dicker & Schreiber, LLP* [Docket No. 261] seeking to prohibit a law firm, Leonard, Dicker & Schreiber LLP, from pursuing its independent claims against Mr. Montero. RJN, Exh. 18. In support of that motion, Mr. Montero stated in his declaration that: "Virtually all of the debt that was reorganized and all of the funding for reorganization comes from my business activities as a building contractor." RJN, Exh. 18 at p. 11 of 13. Mr. Montero further stated that: "If [Leonard Dicker] were to collect, [it] would be giving itself priority over the other claimants identified in the plan and would deprive the other claimants of repayment." RJN, Exh. 18 at p. 12 of 13. Thereafter, on January 22, 2015, the Debtor executed a *Joint Report re Status of Settlement Negotiations in State Court Litigation* noting that settlement discussions were unsuccessful because "Mr. Montero represented that he does not currently possess any funds to put towards a settlement . . . because he has pledged his disposable income to fund the confirmed Chapter 11 plan." RJN, Exh. 19.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7
OBJECTION OF ROBERT S. COOPER TO DEBTOR'S MOTION FOR ENTRY OF DISCHARGE
BN 45689965v3

Ultimately, the Bankruptcy Court extended the automatic stay to Mr. Montero solely with respect to the law firm's claim for a limited duration. In its *Order Granting Motion of the Reorganized Debtor for Section 105 Relief Extending Stay to Guillermo Montero Regarding Claim of Leonard, Dicker & Schreiber, LLP*, the Bankruptcy Court stated that Leonard, Dicker & Schreiber LLP's lawsuit against Mr. Montero "is hereby enjoined and stayed until completion of the Chapter 11 Plan in the present case . . . which currently is anticipated to be completed on or approximately December 2017." RJN, Exh. 20 at p. 2.

Thereafter, the Debtor never filed a motion establishing that she made any payments due under the Plan (including the incremental payments attributable to 50% of Mr. Montero's income) and requesting entry of a discharge (until now). RJN, Exh. 21 at p. 32-39. The Bankruptcy Court closed the Debtor's bankruptcy case **without** entry of a discharge. *Id.*

E.   **Mr. Montero misrepresents the status of his wife's bankruptcy case and discharge to the Superior Court in order to escape further liability.**

On March 5, 2021, Mr. Cooper obtained an order from the Superior Court to take Mr. Montero's judgment debtor examination. Cooper Decl., ¶ 15. Mr. Montero filed a motion for a protective order to prevent that examination from proceeding. *Id.* After a preliminary hearing, Mr. Montero filed a supplemental brief at the request of the Superior Court stating that (1) Mr. Cooper's claim against Mr. Montero had been completely discharged in his wife's bankruptcy case, (2) Mr. Montero was protected from having to testify at the judgment debtor exam by the automatic stay, and (3) that if the claim had not been completely discharged it had been reduced to $6,961.29. *See* RJN, Exh. 22 at pp. 2-13. Mr. Montero also claimed the Debtor had made payments to Mr. Cooper on account of his claim. RJN, Exh. 22 at p. 5. In response, Mr. Cooper filed a response refuting each and every misstatement of applicable bankruptcy law and procedure made by Mr. Montero noting that no discharge had been entered in the Debtor's bankruptcy case and that the automatic stay terminated on the closing of the case. RJN, Exh. 23.

At the hearing on this motion, Mr. Montero's newly-retained, bankruptcy counsel, Henry Haddad, adopted and advanced all of Mr. Montero's unsupported and specious bankruptcy arguments. Declaration of Anthony J. Napolitano concurrently filed,, ¶ 4. Ultimately, the Superior

Court was not persuaded and instructed Mr. Montero to obtain an order from the Bankruptcy Court seeking a determination of whether he was protected by the automatic stay or the discharge injunction in order educate the Superior Court on whether Mr. Cooper could proceed and against what assets. *Id.* ¶ 5. Mr. Montero has yet to file any motion with this Court as requested by the Superior Court. *Id.*

### F. Mr. Cooper seeks discovery of the Debtor and Mr. Montero following the filing of the Debtor's Discharge Motion.

On May 4, 2021, the Debtor filed her motion to reopen the bankruptcy case [Docket No. 280], which this Court granted on May 7, 2021 for the limited purpose of filing a motion for entry of discharge. *See* Docket No. 283. On May 20, 2021, the Debtor filed her Discharge Motion initiating this contested matter. *See* Docket No. 285. In accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure, Mr. Cooper served discovery on Mr. Montero and the Debtor in connection with the filing of this Objection relating to the compliance of Mr. Montero and the Debtor's obligations under the Fifth Amended Plan. Napolitano Decl., ¶ 6, Exhs. 1 and 2.

### III. ARGUMENT

### A. The Debtor did not comply with her obligations under the Fifth Amended Plan and cannot receive a discharge.

The Debtor's failure to comply with her obligations under the Fifth Amended Plan prevents this Court from entering her discharge. Section 1141(d)(5) provides in cases where the debtor is an individual that "confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan . . . ." 11 U.S.C. § 1141(d)(5)(A). The Fifth Amended Plan similarly provides that "[u]pon the completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts . . . unless the court orders otherwise." RJN, Exh. 12 at p. 10 of 20. This is in accord with the Court's prior orders confirming the plan and closing the case. *See* RJN, Exh. 14 and Exh. 17.

While the Debtor and Mr. Montero claim in their declarations in support of the Discharge Motion that they have paid all creditors as required under their Fifth Amended Plan, these statements are false. Mr. Cooper did not receive any payments under the Fifth Amended Plan.[2]

---

[2] Despite representing in the Status Report that Mr. Cooper had received partial payments on account of his claim, Mr. Montero sent Mr. Cooper a Cashier's Check in the amount of $6,961.23 (*i.e.*, the full amount of the 3%

Cooper Decl., ¶ 14. Feldman and Associates did not receive the full amount of payments due under the Fifth Amended Plan. Feldman Decl., ¶¶ 4-5. Leonard Dicker did not receive the full amount of payments due under the Fifth Amended Plan. Dicker Decl., ¶ 5. Todd Neilson, in his capacity as trustee for Peck Jones Construction, did not receive any payments due under the Fifth Amended Plan. Napolitano Decl., ¶ 7 and Exh. 3.

The evidence calls into question the veracity of the Debtor's and Mr. Montero's declarations in support of the Discharge Motion. Further, given the fact that the Debtor and Mr. Montero live in a $7.8 million house in Beverly Hills one must also question the Debtor's statement that "my husband's and my taxable income never exceeded [$84,000], thus, my husband never had any Net Income to fund the Plan." Docket No. 285 at p. 11 of 53. Mr. Montero made a similar statement illustrating that their taxable income for 2012 to 2016 was not more than $23,500. Docket No. 285, p. 14 of 53. From these disclosures, two things are worth noting.

First the Fifth Amended Plan measured the 50% plan contribution against excess "Net Income" defined to be "General and Administrative-Guillermo Montero" and not "taxable income." The reliance on "taxable income" in their declarations is irrelevant. Taxable income can be manipulated by non-cash depreciation deductions. Second, Mr. Montero stated in his declaration in support of the Fourth Disclosure Statement that creditors would be able to ascertain the calculation of "Net Income" under the plan based on the post-confirmation operating reports. However, none of the post-confirmation monthly reports filed by the Debtor provided any meaningful financial reports where creditors could discern Mr. Montero's "Net Income." *See* RJN, Exh. 15; *see also* Docket Nos. 227, 228, 230, 241, 244 and 247.

Accordingly, Mr. Cooper has served narrowly-tailored discovery in this contested matter seeking documentation to corroborate the Debtor's assertion that all payments due under the Fifth Amended Plan were paid and to corroborate the Debtor's and Mr. Montero's assertion that his business ventures had insufficient "Net Income" as such term is defined under the Fifth Amended Plan to make the required contributions due to creditors.

---

dividend). However, Mr. Montero himself was the remitter—not the Debtor nor her estate. Thus, this Cashier's Check is nothing more than a partial payment of Mr. Montero's several liability under the Judgment. The Debtor or her estate have paid nothing. Cooper Decl., ¶ 14.

For these reasons, the Court cannot enter the Debtor's discharge at this time and should continue the hearing on the Discharge Motion for a period of 60 to 90 days so that the discovery process can be completed.

**B.      Even if the Court enters the Debtor's discharge, Mr. Cooper's claims might not be discharged under Section 523(a)(3) or Section 1141.**

  *1.    Mr. Cooper was an omitted creditor and his claim cannot be discharged under Section 523(a)(3).*

The Debtor's failure to timely schedule Mr. Cooper as a creditor and provide notice of her bankruptcy case renders his claim non-dischargeable. Section 1141(d)(2) provides that "[a] discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2). Section 523(a)(3) provides an exemption to discharge for debts that were not scheduled by the debtor in the event certain conditions have been met. Specifically, that section provides:

> (a)   A discharge under [section 1141] does not discharge an individual debtor from any debt—
>
> (3)   neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A)   if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dis-chargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3).

The Debtor ignores that she failed to schedule Mr. Cooper as a creditor or include him on the bankruptcy case service list when she commenced her bankruptcy case or when she amended her schedules nineteen months after commencing the case. On July 25, 2011, the Debtor finally included Mr. Cooper on *Amended Schedule F: General Unsecured Creditors* as an unliquidated and disputed claim in the amount of $232,043.00. RJN, Exh. 9 at p. 20 of 22. However, Mr.

Cooper was not included on any service list until the filing of the Debtor's first amended chapter 11 plan of reorganization filed on January 12, 2012, which was served on Mr. Cooper at 3655 Torrance Blvd., Suite 300, Torrance, CA 90503. *See* Docket No. 167 at p. 5.

Mr. Cooper was not scheduled as a creditor until 19 months after the commencement of the Debtor's bankruptcy case nor included on the master mailing matrix until 27 months after the commencement of the case. While the Debtor never served a notice of claim's bar date, so it is impossible to tell the deadline for filing proofs of claim, it is clear that Mr. Cooper did not have notice of the Debtor's case in order to timely file a complaint to determine dischargeability by the January 25, 2010 deadline. Even if Mr. Cooper received the Notice of Bankruptcy Stay filed in the State Court Action on July 27, 2010 (which he does not remember receiving) that too was served long after the deadline to file the non-dischargeability complaint. Given Mr. Montero's past practice of using his wife to shelter assets from his creditors, Mr. Montero certainly had colorable claims that could have been pursued against both the Debtor and Mr. Montero under section 523(a)(2), (4), or (6) and 524(b)(2).

If the Court is inclined to grant the Debtor a discharge, Mr. Cooper respectfully requests that the Court keep the case open and allow Mr. Cooper to seek declaratory relief as to whether his claim has not been discharged under section 1142(d)(2) and 523(a)(3).

2. *Mr. Cooper did not receive adequate notice of the confirmation process in order to discharge his claim.*

The Debtor's failure to provide adequate notice of the plan confirmation process renders his claim non-dischargeable. "[A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873 (1950).

Even a creditor that had actual knowledge of the bankruptcy may not be bound by the provisions of the confirmed plan if the creditor did not receive notice of the bar date or the confirmation hearing. *Levin v. Maya Constr. Co. (In re Maya Constr. Co.)*, 78 F.3d 1395, 1399

(9th Cir. 1996) (actual knowledge does not obviate the need for notice.); *Dalton Devel. Project # 1 v. Unsecured Creds. Comm. (In re Unioil, Inc.)*, 948 F.2d 678, 684 (10th Cir. 1991) (failure to give a creditor, who should have been known, formal notice of the deadline for filing claims and objections to confirmation and of the date of the confirmation hearing prevented the claims from being discharged by the confirmation of the chapter 11 plan); *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832, 835 (11th Cir. 1989) (discharge does not operate to bar claim of creditor who did not receive notice of claims bar date even if creditor knew of pendency of chapter 11 case).

The Debtor did not schedule Mr. Cooper as a creditor until over 19 months after the commencement of her bankruptcy case nor included on the master mailing matrix until 27 months after the commencement of the case. Significantly, when the Debtor added Mr. Cooper as a creditor, the address she used was a stale address. All notices in the bankruptcy case starting in January 2012 were served on Mr. Cooper at 3655 Torrance Blvd., Suite 300, Torrance, CA 90503. *See* Docket No. 167 at p. 5. The problem is that Mr. Cooper moved out of this office in July/August 2011 and ceased receiving mail several months thereafter. Mr. Cooper never received any information regarding the Debtor's plan confirmation address as all notices went to an address where Mr. Cooper no longer worked and no longer received mail forwards. Indeed, Mr. Montero states in his declaration in support of his Motion for a Protective Order in the State Court Action that: "During the pendency of the bankruptcy we paid court ordered payments under the chapter 11 plan to Robert Cooper but he sent the payments back to us." RJN, Exh. 24 at p. 11. Perhaps, the payments were sent back as undeliverable as they were sent to the wrong address.

If the Court is inclined to grant the Debtor a discharge, Mr. Cooper respectfully requests that the Court keep the case open and allow Mr. Cooper to seek declaratory relief as to whether his claim has not been discharged under section 1142(d) due to the Debtor's failure to provide proper notice of the plan confirmation process to Mr. Cooper.

## IV. CONCLUSION

Based on the foregoing, Mr. Cooper objects to entry of discharge and respectfully requests that the Court continue the hearing for a period of 60 to 90 days so that Mr. Cooper can conduct

discovery of the Debtor and Mr. Montero to determine whether she is entitled to discharge. Mr. Cooper further reserves the right to seek declaratory relief regarding the status of the discharge of his claim.

DATED: May 27, 2021                BUCHALTER, A Professional Corporation

By:  /s/ Anthony J. Napolitano
　　　ANTHONY J. NAPOLITANO
　　　Attorneys for Judgment Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Buchalter Nemer, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION OF ROBERT S. COOPER TO DEBTOR'S MOTION FOR ENTRY OF DISCHARGE AND FOR A DETERMINATION THAT CREDITORS CANNOT ENFORCE THEIR JUDGMENTS AGAINST DEBTOR'S OR HER HUSBAND'S COMMUNITY PROPERTY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 27, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 27, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building
255 E. Temple Street
Suite 1382 / Courtroom 1375
Los Angeles, CA 90012

Maria Elizabeth Montero
631 N Hillcrest Road
Beverly Hills, CA 90210

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 27, 2021 | Debby Bodkin | /s/ Debby Bodkin |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
BN 45740696v1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 27, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ori S Blumenfeld**   oblumenfeldlaw@gmail.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Deborah Conley**   bankruptcyecfmail@mccallaraymer.com
- **Nora Demirjian**   Nora.Demirjian@irscounsel.treas.gov
- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Chris L Frost**   cfrost@eisnerlaw.com, kwilkes@eisnerlaw.com;ckoscinski@eisnerlaw.com
- **Vincent V Frounjian**   vvf.law@gmail.com
- **Elaine T Fuller - INACTIVE -**   elaine.t.fuller@irscounsel.treas.gov
- **Todd S Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Gavin L Greene**   gavin.greene@usdoj.gov, USACAC.criminal@usdoj.gov
- **Yelena Gurevich**   atty@yglegalfirm.com, gurevichyr82952@notify.bestcase.com
- **Paul H Kim**   Pkim@counsel.lacounty.gov
- **Kenneth G Lau**   kenneth.g.lau@usdoj.gov
- **Randall P Mroczynski**   randym@cookseylaw.com
- **Todd Nesbitt - SUSPENDED -**   todd@nesbittlawllp.com
- **Giovanni Orantes**   go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **John D Schlotter**   ecfmail@aclawllp.com, mccallaecf@ecf.courtdrive.com
- **Timothy J Silverman**   tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.